IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PETER GABIOLA, ANTONIO HAMMOND, on behalf of themselves and all other similarly situated individuals,<br><br>   Plaintiffs,<br><br>vs.<br><br>MUGSHOTS.COM, LLC, a Delaware Limited Liability Company; UNPUBLISH, LLC, a Florida Limited Liability Company; UNPUBLISH, LLC, a Wyoming Limited Liability Company; HAMMERMILL & MASTERSON LLC d/b/a "Unpublisharrest.com," "Mugshots.com," and "Unpublishingpartners.com," a Wyoming Limited Liability Company; HAMMERMILL & MASTERSON LLC d/b/a "Unpublisharrest.com," "Mugshots.com," and "Unpublishingpartners.com," a Florida Limited Liability Company; THOMAS KEESEE; MARC GARY EPSTEIN; ARI EPSTEIN; MICHAEL ROBERTSON a/k/a MICHAEL J. ROBERTSON; and UNPUBLISHING SERVICES, LLC, a Wyoming Limited Liability Company,<br><br>   Defendants. | No. 16-cv-02076<br><br>Honorable Judge<br>Sharon Johnson Coleman |

### MOTION TO DISMISS FILED BY DEFENDANTS THOMAS KEESEE, MARC GARY EPSTEIN AND HAMMERMILL & MASTERSON LLC

  Pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure, Defendants THOMAS KEESEE ("Keesee"), MARC GARY EPSTEIN ("Epstein") and HAMMERMILL & MASTERSON LLC, a Wyoming Limited Liability Company ("Hammermill"),[1] collectively the "Moving Defendants," respectfully move this Court for an order dismissing the removed putative class action complaint ("Complaint") (Doc. 1-1) as to all the Moving Defendants for failure to

---

[1] Moving Defendants do not include Hammermill & Masterson LLC, a Florida Limited Liability Company.

state any claims upon which relief can be granted against any Moving Defendant. In support of this motion, the Moving Defendants state as follows:

1. The Complaint fails to state a claim because of pervasive "block" or "group" pleading -- insufficient under *Twombly*[2] and *Iqbal*[3] and prohibited by Seventh Circuit precedent. Block pleading denies each Moving Defendant of meaningful notice about what that particular defendant supposedly did or did not do. Dismissal of the entire Complaint is warranted under applicable case law.

2. The Complaint alleges damages, under the Illinois Consumer Fraud Act, the Illinois Right of Publicity Act, and the Fair Credit Reporting Act that are proximately caused by the availability on the Website of the public arrest records. All such claims are barred, because those records constitute matters of public concern and, as such, their publication cannot be penalized or restrained consistently with the First Amendment absent a state interest of the highest order. No such interest is implicated here.

3. All of Plaintiffs' claims are barred by the Communications Decency Act ("CDA"). Any claim for injuries caused by the dissemination of public records originating from third party, governmental sources is barred by Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1) ("Section 230). Section 230 protects interactive computer service providers, such as the Website publisher, against liability arising from "publishing" third party content, here the public arrest information.

4. The Complaint in any case fails to allege facts sufficient to state a claim under any of the substantive state statutes relied upon -- the Illinois Consumer Fraud Act (Counts II and III) and Illinois Right of Publicity Act (Count I).[4]

5. The Complaint fails to state a claim under the Illinois Consumer Fraud Act ("ICFA") for at least two distinct and independent reasons. First, the ICFA claims should be

---

[2] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007).
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009).
[4] This motion references "Count" designations as they appear in the Second Amended Complaint. The Second Amended Complaint contains no "Count IV."

dismissed because Plaintiffs' alleged injuries are not proximately caused by any purported unfair, deceptive, or unlawful act. Second, the ICFA claims seek reputational injury damages caused by a publication. To recover such damages, Plaintiffs are required to prove that the public records are false and disseminated with actual malice. Because the public records constitute true historical facts as a matter of law, plaintiffs cannot recover for their reputational injury damages. Thus, Counts II and III should be dismissed with prejudice.

6. The Complaint fails to state a claim under the Illinois Right of Publicity Act ("IRPA") for at least two distinct and independent reasons. First, the IRPA claim fails because the arrest photos catalogued on the Website are not used to endorse any product or service. Second, dissemination of the public arrest photos is exempted from liability under the Act, because the arrest photos concern public affairs and are newsworthy. Thus, Count I should be dismissed with prejudice.

7. This Motion is supported by a separately filed Memorandum in Support of Motion to Dismiss and by the allegations of the Complaint.

WHEREFORE, Defendants THOMAS KEESEE, MARC GARY EPSTEIN, and HAMMERMILL & MASTERSON LLC (a Wyoming Limited Liability Company) respectfully request that the Court dismiss the Complaint and this case as to all Moving Defendants for (a) failure to state a claim because of improper block pleading, and (b) failure to state claims under any of the statutes relied upon.

Dated: March 22, 2016                       Respectfully submitted,

                                                    /s/ Michael A. Stick
                                        One of the Attorneys for these Defendants

Michael A. Stick
Emily G. Rottier Goebel
Butler Rubin Saltarelli & Boyd LLP
70 West Madison Street, Suite 1800
Chicago, Illinois  60602
Telephone: 312-444-9660
Facsimile:  312-444-9286

And

Adam D. Grant
Dickinson Wright PLLC
500 Woodward Ave., Suite 4000
Detroit, Michigan  48226

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true copy of the preceding Motion to Dismiss Filed By Defendants Thomas Keesee, Marc Gary Epstein and Hammermill & Masterson LLC was served on March 22, 2016 on all counsel of record, in accordance with Fed. R. Civ. P. 5., Local Rule 5.5, and the General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF filers.

Berton N. Ring    bring@bnrpc.com
Stuart M. Clarke    sclarkelaw.bnrpc@gmail.com
Adam D. Grant    agrant@dickinsonwright.com

                /s/ Michael A. Stick

534016v1