IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| PETER GABIOLA and ANTONIO HAMMOND, on behalf of themselves and all other similarly situated individuals, | ) ) ) ) | |
| *Plaintiffs*, | ) ) | |
| v. | ) ) | No. 16 cv 02076 |
| MUGSHOTS.COM, LLC, a Delaware Limited Liability Company; *et al*., | ) ) ) ) | |
| *Defendants*. | ) | |

**PLAINTIFFS' MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**

Plaintiffs Peter Gabiola and Antonio Hammond ("Plaintiffs"), by and through their attorneys, Berton N. Ring, P.C., hereby respectfully move this Honorable Court for leave to file an Amended Complaint which will remove Ari Epstein from this lawsuit and dismiss all claims against him with prejudice; introduce Sahar Sarid as a named party Defendant, and add Jimmy Thompson as a party Plaintiff. In support thereof, Plaintiffs state as follows:

**BACKGROUND**

On or about June 16, 2016, Plaintiffs reached a Settlement Agreement with Ari Epstein pursuant to which Plaintiffs agreed to dismiss Ari from this litigation with prejudice. Between June 17, 2016 and June 20, 2016, Plaintiffs obtained additional information regarding which Defendants were involved in the specific operations of the mugshots.com enterprise. Also, on June 20, 2016, Plaintiffs' counsel was retained by Jimmy Thompson, who has similar claims to those of Plaintiffs Gabiola and Hammond; in the interests of judicial economy, and to avoid anticipated duplicative motion practice and the appearance of judge or forum shopping, Plaintiffs seek to add Thompson as a party Plaintiff to this action rather than filing a separate lawsuit.

Plaintiffs now seek to file a First Amended Complaint so as to clarify the pleadings and address these changes.

**ARGUMENT**

Federal Rule of Civil Procedure 15(a) provides that while "[t]he court should freely give leave [to amend a pleading] when justice so requires." U.S.C. Fed Rules Civ Proc R 15. Further, "while a court may deny a motion for leave to file an amended complaint, such denials are disfavored." *Abrams v. Collins (In re Heartland Mem. Hosp., LLC)*, Nos. 07-20188 JPK, 09-2068, 2011 Bankr. LEXIS 2104, at *47 (U.S. Bankr. N.D. Ind. June 9, 2011). In the Seventh Circuit, "the elements for review of amendment under Rule 15(a)(2) are the following:

1. Has there been undue delay;
2. Is the amendment motivated by bad faith or dilatory motive on the part of the movant;
3. Has the plaintiff failed repeatedly to cure deficiencies by amendments previously allowed;
4. Is there undue prejudice to the defendants by allowing the amendment; and
5. Is the amendment futile."

*Abrams* 2011 Bankr. LEXIS 2104, at *48. Each factor weighs in favor of the Plaintiffs here.

Although Plaintiffs are aware of the briefing schedule on Defendants' Motion to Dismiss, Plaintiffs did not unduly delay until now to move for leave to file this amended pleading, nor was this motion filed for dilatory purposes. Plaintiffs already filed their Response to Defendants' Motion to Dismiss, so the instant motion was not filed as a means to delay doing so. Plaintiffs did not even have the information used to prepare the First Amended Complaint until it was provided between June 17 and 20, 2016, and Plaintiffs moved for leave to amend their complaint within the same week. As such, there was no undue delay. If anything, Plaintiffs are moving to amend their

Complaint in an effort to expedite the litigation by placing on file a pleading Defendants can answer by their own standards, so that the litigation may continue apace.

Further, "delay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason. Typically, that reason, as the court determined it was in this case, is prejudice to the non-moving party." *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004). Here, however, Defendants will suffer no prejudice from the allowance of Plaintiffs' Amended Pleading. First, based on the new information Plaintiffs received on June 17 and 20, 2016, the new pleading delineates more specifically the role of each Defendant in the mugshots.com enterprise, addressing and ameliorating in full the purported "block pleading" concern raised as the very first argument in the answering Defendants' motion to dismiss.[1] It also corrects and clarifies the allegations to ensure no confusion regarding each Defendant's actions to the extent known by Plaintiffs at this time. Defendants stated in their Memorandum in Support of their Motion to Dismiss that it was "impossible for any Defendant or the Court to know what Plaintiffs claim each Defendant did" in the initial pleading; assuming *arguendo* that was true before, it is certainly not now. In short, the new First Amended Complaint is *easier* for Defendants to answer, and does exactly what Defendants requested, despite no assistance from Defendants in the form of discovery answers.

There also have been no previous attempts by Plaintiff to amend their Complaint; in fact, this is Plaintiffs' first *request* to do so. Rule 15 "ordinarily requires that leave to amend be **granted** at least once when there is a potentially curable problem with the complaint or other pleading." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

---

[1] Plaintiffs do not concede that such purported "block pleading," to the extent it existed in the initial complaint, was a basis for dismissal.

This amendment is also not futile, as it also addresses the Defendants' "block pleading" arguments whilst simultaneously clarifying the pleadings and reducing the number of Defendants. Moreover, should this Court grant Plaintiffs' Motion, it would prevent duplicative litigation by bringing in all defendants involved in the mugshots.com enterprise, ensuring that the largely identical constitutional issues raised by the answering defendants would not need to be relitigated.

## CONCLUSION

WHEREFORE, Plaintiffs Peter Gabiola and Antonio Hammond respectfully move this Honorable Court for leave to file the attached proposed First Amended Complaint; to dismiss Ari Epstein as a party Defendant, with prejudice; to add Jimmy Thompson as a party Plaintiff; to add Sahar Sarid as a party Defendant with alias summons to issue; to order Defendants to answer or otherwise plead by a date certain; to lift the stay on discovery pending Defendants' responsive pleading; and for whatever additional relief this Court deems appropriate and just under the circumstances.

Respectfully submitted,

PETER GABIOLA, ANTONIO
HAMMOND, and JIMMY THOMPSON,
on behalf of themselves and all others
similarly situated,

/s/ Berton N. Ring
By the Plaintiff's Attorneys
Berton N. Ring, P.C.

Berton N. Ring #6183351
Stuart M. Clarke #6311043
BERTON N. RING, P.C.
123 West Madison Street, 15th Floor
Chicago, IL 60602
(312) 781-0290