# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| PETER GABIOLA, *et al.*, on behalf of themselves and all other similarly situated individuals, | )<br>)<br>) |
| Plaintiffs | ) Case No. 16-cv-02076 |
| v. | )<br>) Judge Sharon Johnson Coleman |
| MUGSHOTS.COM, LLC, *et al.*, | )<br>) Magistrate Judge Susan E. Cox |
| Defendants. | )<br>) |

### ILLINOIS ATTORNEY GENERAL'S MEMORANDUM
### REGARDING PLAINTIFFS' MOTION TO FILE AMENDED COMPLAINT

Intervenor Lisa Madigan, Attorney General of the State of Illinois (the "Attorney General"), respectfully submits this memorandum regarding the plaintiffs' pending motion for leave to file an amended complaint.

**Introduction and Summary of Argument**

The response by defendants Thomas Keesee, Marc Epstein and Hammermill & Masterson LLC (the "defendants") to the plaintiffs' motion for leave to file an amended complaint effectively asks the Court to decide the merits of the defendants' constitutional defenses to the proposed new claims, which they say are identical to their constitutional defenses to the plaintiffs' original claims. Doing that would deny the Attorney General the opportunity to address the merits of these constitutional defenses, which was why the Attorney General was allowed to intervene in this matter. Thus, the Attorney General would be prejudiced if the Court proceeded as the defendants propose. On the other hand, the defendants would not suffer any comparable prejudice if the Court allowed the amended complaint, leaving them free to raise their constitutional arguments in a motion to dismiss.

**Factual Background**

When the defendants removed this action to federal court, the plaintiffs' complaint contained three Illinois-law claims (under the Mugshots Act, the anti-fraud provisions of the Consumer Fraud Act, and the Right of Publicity Act) and one federal-law claim (under the Fair Credit Reporting Act). The defendants moved to dismiss all of these claims and asserted, among other things, that the Illinois-law claims are barred by the First Amendment. (Dkt. 13 at 1, 6-8, 12.) In light of those arguments, the Attorney General was given leave to intervene. (Dkt. 26.) The Attorney General was preparing a memorandum of law addressing the defendants' constitutional challenges to these Illinois statutes, due on July 1, 2016 (Dkt. 31), when the plaintiffs filed a motion for leave to file an amended complaint adding claims under Florida law, as well as a federal RICO claim. (Dkt. 39, 39-1.) At the June 26, 2016 hearing, the Court set a briefing schedule on that motion. (Dkt. 43.) At the same time, the Court vacated the briefing schedule on the defendants' pending motion to dismiss the current complaint, including the date for the Attorney General's response to that motion. (*Id.*)

The defendants' 15-page response to the plaintiff' motion (the "Response") does not assert that they would be prejudiced by allowing the amended complaint. Instead, it addresses the merits of the proposed new claims, asserting, in particular, that "Plaintiffs' proposed amended complaint is futile because it suffers from *the same constitutional defects*" as the plaintiffs' earlier complaint. (Dkt. 45 at 2.) This Response similarly argues that, as a matter of state law, the plaintiff's proposed new Florida-law claims have the same alleged deficiencies as their Illinois-law claims. (*Id.* at 6-9.) Going beyond the proposed new claims, the defendants' Response expressly incorporates "by reference" their motion to dismiss and supporting memorandum (*id.* at 1) and argues that "Plaintiffs' case should be dismissed with prejudice" (*id.* at 2).

In support of their arguments on the merits, the defendants' Response contends:

> Because Plaintiffs are seeking to recover for alleged injuries caused by the dissemination of truthful, fully protected speech as a matter of law, and because *the proposed amended complaint does not cure the complaint's constitutional deficiencies*, the proposed amended complaint is futile . . . .

(Resp. at 6, emphasis added.) The defendants' Response then repeats many of the same First Amendment arguments they raised in support of their motion to dismiss. (*Id.* at 1-6.) The defendants' Response does not, however, address whether any of their disputed activity, including their acceptance of payment for removing criminal record information from their website, is properly characterized as *conduct*, not speech, under the First Amendment. And, while they repeatedly maintain that their contested expression is "fully protected" by the First Amendment (*id.* at 3, 5, 6), they never squarely address whether any of this expression (including their solicitation of such payments), or all of it collectively, is properly characterized as *commercial speech*, and thus entitled to less First Amendment protection than non-commercial speech.[1]

Addressing the plaintiffs' proposed Florida-law claims under the Florida Right of Publicity Act ("FROPA") and Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), the defendants similarly argue that these claims are without merit for the same reasons they advanced with respect to the plaintiffs' Illinois-law claims:

---

[1] The defendants, who avoid the expression "commercial speech," do assert that neither a speaker's status nor a for-profit motive for its speech categorically precludes that speech from being fully protected (i.e., non-commercial). (Resp. at 5-6.) That may be true, but it falls far short of establishing the separate proposition, which the defendants implicitly advance, that *all* for-profit speech by *any* speaker is non-commercial speech entitled to the highest level of First Amendment protection. That proposition is undeniably wrong. See *Jordan v. Jewel Food Stores, Inc.*, 743 F.3d 509, 516-17 (2014) (holding that use of plaintiff's identity to promote defendants' business was commercial speech). And a key issue in this case, which may not be resolvable at the pleading stage, is whether any of the defendants' disputed expression in this case, viewed in context, is commercial speech. See *id.* at 512, 517-20; see also *In re Orthopedic Bone Screw Prods. Liability Litig.*, 193 F.3d 781, 793 (3d Cir. 1999) (denying motion to dismiss because factual dispute precluded determination "[a]t this stage in the proceedings" whether speech at issue was commercial or noncommercial).

3

- "Moreover, *like its Illinois' counterpart* . . . , '[FROPA] is not violated when a person's identity is used "in news reporting, commentary, entertainment, works of fiction or nonfiction, or in advertising incidental to such uses."'" (Resp. at 7, emphasis added.)

- "The proposed FDUTPA claim fails as a matter of law (and is therefore futile) *for the same reasons Plaintiffs' Illinois Consumer Fraud Act claims* fail." (*Id.* at 8, emphasis added.)

Again, these arguments repeat much of what the defendants asserted in support of their earlier motion to dismiss. (*Id.* at 6-9.)

**Argument**

Denying the plaintiffs' leave to file their amended complaint based on the merits-related grounds advocated by the defendants, including their constitutional grounds, would effectively deprive the Attorney General of the ability to address those issues, including, in particular, the defendants' First Amendment contentions. The Court therefore should allow the proposed amended complaint without prejudice to the defendants' ability to assert those same grounds in a motion to dismiss. This would preserve the Attorney General's ability to address those issues before the Court rules on them without causing any material prejudice to the defendants.

Rule 15(a)(2) states that a "court should freely give leave" to amend a pleading "when justice so requires." This rule embodies the principle that a plaintiff generally "ought to be afforded an opportunity to test his claim on the merits." *Forman v. Davis*, 371 U.S. 178, 182 (1962); *Knapp v. Whitaker*, 757 F.2d 827, 849 (7th Cir. 1985). Thus, denials of a motion to amend "are disfavored," and even when courts grant a motion to dismiss, they generally do so "without prejudice and give the plaintiff at least one opportunity to amend her complaint." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (citation and internal quotation marks omitted).

The most common reason for denying leave to amend is that it would prejudice the defendant, such as where the parties have already completed discovery. See *Zenith Radio Corp. v.*

*Hazeltine Research, Inc.*, 401 U.S. 321, 330-31 (1971); *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007); *Knapp*, 757 F.2d at 849; see also *Laber v. Harvey*, 438 F.3d 404, 427 (4th Cir. 2006) ("An amendment is not prejudicial . . . if it merely adds an additional theory of recovery to the facts already pled and is offered before any discovery has occurred."); *Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir.2004) (holding that district court abused its discretion in refusing to allow amendment where defendant offered only "conclusory" allegations of prejudice); see generally *A. Cherney Disposal Co. v. Chicago & Suburban Refuse Disposal Corp.*, 68 F.R.D. 383, 385-86 (N.D. Ill. 1975) (summarizing case law describing prejudice sufficient to deny amendment). Here, however, the defendants do not assert that they would suffer any prejudice by having to respond to the proposed new claims. Indeed, the defendants' assertion that the plaintiffs' proposed new claims present the same issues as the current ones undermines any possible assertion of prejudice. See *Advent Electronics, Inc. v. Buckman*, 918 F. Supp. 260, 263 (N.D. Ill. 1996). Moreover, the defendants' Response to the plaintiffs' motion reveals that the defendants have already prepared arguments regarding the merits of the proposed new claims that can be incorporated in a motion to dismiss. Those arguments therefore should not be decided at this stage of the case, but instead in connection with a motion to dismiss. See A. Wright, A. Miller, *et al.*, 6 Fed. Prac. & Proc. Civ. (3d ed.) ("*Wright & Miller*") § 1487 ("if the court is persuaded that no prejudice [to the defendant] will accrue, the amendment should be allowed"); see also *In re Sunrise Sr. Living, Inc. Derivative Litigation*, 550 F. Supp. 2d 1 (D.D.C. 2008) (allowing amendment that would add a lead plaintiff and respond to disclosure of previously unavailable information without causing undue delay or prejudice to defendants).

On the other hand, the Attorney General would be greatly prejudiced if the Court, in connection with the plaintiffs' motion to add new claims, resolved the merits of the defendants' legal

5

objections to those claims, including their constitutional objections, without giving the Attorney General the opportunity to address those issues. See *Wright & Miller* § 1487 ("Prejudice to a person who is not a party to the action also may be relevant to the decision whether to grant or deny leave to amend."). That reason alone justifies having the defendants' objections to the merits of all of the plaintiffs' claims, including their claims under Illinois law, resolved after full briefing, including briefing by the Attorney General.

It is true that sometimes an amendment will be denied when it is deemed "futile." That principle is often invoked when an earlier pleading was dismissed after full briefing and the proposed amendment obviously does not cure that pleading's deficiencies. See *Airborne Beepers & Video, Inc.*, 499 F.3d at 666-67. Here, by contrast, there has not been full briefing and a decision on the issues that the defendants assert are controlling and apply equally to the plaintiffs' Illinois-law claims and their proposed new claims. In particular, the Attorney General has not had the opportunity to brief those issues. It would be inappropriate, therefore, for the Court to resolve them without the benefit of full briefing, including by the Attorney General. Moreover, both the dismissal of a pleading and the denial of a proposed amendment on futility grounds are subject to *de novo* review, *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015), so there would be no meaningful benefit to the parties or the Court in denying leave to file the proposed amended complaint on the basis that it would be futile, as opposed to addressing the very same legal issues in connection with a motion to dismiss the plaintiffs' claims.

## Conclusion

For the foregoing reasons, the Court should grant the plaintiffs' motion for leave to file their amended complaint without prejudice to the defendants' ability to challenge its legal sufficiency.

| | |
|---|---|
| July 13, 2016 | Respectfully submitted, |
| Richard S. Huszagh<br>*rhuszagh@atg.state.il.us*<br>(312) 814-2587 |  /s/ *Richard Huszagh*<br>Assistant Attorney General |

Christopher Wells
*cwells@atg.state.il.us*
(312) 814-6141

John Wolfsmith
*jwolfsmith@atg.state.il.us*
(312) 814-8309

Assistant Attorneys General
100 W. Randolph St.
Chicago, IL 60601