IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

_____
)
PETER GABIOLA, ANTONIO HAMMOND, )
and JIMMY THOMPSON on behalf of themselves )
and all other similarly situated individuals, )
)
                     Plaintiffs, )
    v. )       Civil Action No.: 16-C-2076
)
THOMAS KEESEE, MUGSHOTS.COM, LLC, )
*et. al.*, )       Judge Coleman
)
                     Defendants. )
_____)

**INTERVENOR UNITED STATES'S RESPONSE IN OPPOSITION TO DEFENDANT
SAHAR SARID'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

      Pursuant to the Court's order dated January 3, 2017, and Rules 7 and 12 of the Federal Rules of Civil Procedure, defendant-intervenor United States respectfully submits this response in opposition to the motion to dismiss filed by defendant Sahar Sarid. *See generally* Sarid Mot. D., Dec. 12, 2016, ECF No. 84; Sarid Mot. D. Br., Dec. 12, 2016, ECF No. 85 (Sarid Br.).

      As the Court is aware, we intervened in this case to defend the constitutionality of the Federal Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (FCRA) against a purported First Amendment challenge. That challenge now appears resolved. Neither Mr. Sarid nor any of the other defendants, Mugshots.com, LLC *et al.* (collectively, Mugshots)—whose arguments Mr. Sarid incorporates in his motion—contests the analysis provided in our November 10, 2016 filing, which demonstrates that the First Amendment in no way precludes the application of the FCRA in this matter. *Compare* U.S. Resp. Mot. D., Nov. 10, 2016, ECF. No. 78 at 5–8 (noting that "none of the FCRA provisions under which the plaintiffs here seek relief [] restrains speech" in the way defendants claim is improper (emphasis removed)) (U.S. Resp.) *with* Defs. Mot. D.

Reply, Dec. 19, 2016, ECF No. 88 at 1–13, 23 (agreeing with our position that "[t]he FCRA provisions on which plaintiffs rely do not prohibit or penalize the dissemination of truthful information" (internal quotes omitted)) (Defs. Reply) *and* Sarid Br. at 2–8 (making no constitutional argument about the FCRA). Put simply, no defendant is now claiming that applying the FCRA is in any way unconstitutional. Rather, Mr. Sarid, along with Mugshots, is simply arguing that the FCRA does not apply on the facts. *See generally* Sarid Br. at 2–8.

We do not believe it is appropriate for us to opine on whether the FCRA in fact governs the defendants' conduct. As we noted in our prior response, the dispute over the FCRA's applicability here is one that is best left for the private litigants to resolve. *See* U.S. Resp. at 1. It appears, however, that our position has generated some confusion. Both Mr. Sarid and Mugshots claim that our response casts "serious doubt on the viability of [p]laintiffs' FCRA claims." Sarid Br. at 3; *see also* Defs. Reply at 23. Not so.

In our prior brief, we stated that the question of the FCRA's applicability is best avoided until there is a more fulsome factual record. Without such a record, we noted, it is difficult to determine whether "Mugshot's primary business model . . . falls within the ambit of what Congress" intended to regulate with the FCRA. U.S. Br. at 9. For this reason, we urged the Court to deny defendants' motion to dismiss with respect to plaintiffs' FCRA claims. *See id.* at 8–9. Mr. Sarid and Mugshots ignore the nature of our request, and focus instead on our remark that, on the face of the complaint, "Mugshots's conduct satisfies some—but not all—of the" FCRA's definitions. *See* Sarid Br. at 3; Defs. Br. at 23. Contrary to what Mr. Sarid and Mugshots suggest, that statement should not be read as casting doubt on the sufficiency of plaintiffs' allegations. As the context of that statement demonstrates, our intent was only to convey the complexity of the issues presented. To repeat what we said before: we take no

position on whether the FCRA should apply in this matter. We simply urge the Court to resolve that question at a later time.

For these reasons, and those articulated in our prior brief, we respectfully request that the Court deny defendants' motions to dismiss Counts VI[1] and VII of plaintiffs' amended complaint, and permit litigation over those counts to proceed to the merits.

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

MICHAEL S. BLUME
Director, Consumer Protection Branch

ANDREW E. CLARK
Assistant Director

 s/ Alexander V. Sverdlov
ALEXANDER V. SVERDLOV
Trial Attorney
Consumer Protection Branch
Civil Division
U.S. Department of Justice
P.O. Box 386
Ben Franklin Station
Washington, DC 20044
Tel: (202) 307-0138
Fax: (202) 514-8742

January 31, 2017　　　　　　　　　　　　　　Attorneys for the United States

---

[1] As we previously noted, plaintiffs' amended complaint contains two claims labeled "Count VI." *See* Pl. Am. Compl. ¶¶ 477–507, Aug. 24, 2016, ECF No. 60. We respectfully request that the Court deny defendants' motion with respect to both claims labeled "Count VI."