## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| PETER GABIOLA,  ANTONIO HAMMOND, and JIMMY THOMPSON on behalf of themselves and all other similarly situated individuals,<br><br>        Plaintiffs,<br><br>v.<br><br>SAHAR SARID, individually and a/k/a "Michael Robertson"; THOMAS KEESEE, an individual; MARC GARY EPSTEIN, an individual; MUGSHOTS.COM, LLC, a Delaware Limited Liability Company; UNPUBLISH, LLC, a Florida Limited Liability Company; UNPUBLISH, LLC, a Wyoming Limited Liability Company; HAMMERMILL & MASTERSON LLC d/b/a "Unpublisharrest.com," "Mugshots.com," and "Unpublishingpartners.com," a Wyoming Limited Liability Company; and HAMMERMILL & MASTERSON LLC d/b/a "Unpublisharrest.com," "Mugshots.com," and "Unpublishingpartners.com," a Florida Limited Liability Company,<br><br>        Defendants. | No. 16-cv-02076<br><br>Judge Sharon Johnson Coleman |

## MEMORANDUM IN SUPPORT OF MOTION TO AMEND ORDER

**I.     Introduction**

Defendants Thomas Keesee ("Keesee"), Marc Gary Epstein ("Epstein"), Hammermill & Masterson LLC, a Wyoming Limited Liability Company ("Hammermill") and Sahar Sarid ("Sarid") (collectively, "Defendants"), pursuant to Federal Rule of Appellate Procedure 5(a)(3), move this Court to amend the Memorandum Opinion and Order dated September 26, 2017 (the "Order"), to add 28 U.S.C. § 1292(b) certification language. The Order dismissed five of Plaintiffs' nine claims, and the requested amendment would allow Defendants to petition the

Seventh Circuit Court of Appeals to conduct an interlocutory review of the viability of the four claims that survived the Order.

28 U.S.C. § 1292(b) certification is appropriate and warranted here, because: (a) the requirements set forth by the statute and by the Seventh Circuit Court of Appeals — that there be a controlling and contestable question of law, that its resolution would speed up the litigation, and that the motion for 28 U.S.C. § 1292(b) certification be timely filed — are all met; and (b) this case involves First Amendment concerns that warrant prompt determination by the Seventh Circuit. Additionally, because a decision in Defendants' favor could result in dismissal of the case, the Court should stay the proceedings until the Seventh Circuit renders a decision, in the interest of conserving resources of the judiciary and the parties.

## II.     Relevant Background

Mugshots.com provides a database and internal search engine for already public arrest records, complete with arrestees' booking photos. The arrest records and booking photos originate from governmental sources. Unpublisharrest.com is a website separate from mugshots.com that offers licensing rights to the public to control specific information in the mugshots.com database.

Plaintiffs Jimmy Thompson ("Thompson"), Peter Gabiola, and Antonio Hammond (collectively, "Plaintiffs") brought claims against Defendants in their First Amended Complaint related to mugshots.com and unpublisharrest.com. Plaintiffs alleged nine separate claims.

Keesee, Epstein, and Hammermill filed a motion to dismiss the claims against them in September 2016. Sarid subsequently filed a motion to dismiss the claims against him in December 2016. Collectively, those motions are referred to herein as the "Motions to Dismiss."

On September 26, 2017, the Court entered a Memorandum Opinion and Order, Doc. 101 (the "Order"), on the Motions to Dismiss. The Order granted the Motions to Dismiss as to five claims in the First Amended Complaint, which were thus dismissed. However, the Order denied the Motions to Dismiss as to the remaining four claims: Claim I, for violations of the Illinois Right of Publicity Act; Claim III, for violations of the Illinois Mugshots Act; Claim VIII, for violations of the Florida Right of Publicity Act; and Claim IX, for violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

## III.    Legal Analysis

Defendants wish to pursue an interlocutory appeal of the portions of the Order that denied the Motions to Dismiss. In particular, Defendants wish to seek review of the following issues:

1.    Whether Defendants can be held liable under the Illinois Right of Publicity Act, the Florida Right of Publicity Act, the Illinois Mugshots Act, or the FDUTPA for the publication of "public records protected by the First Amendment" (Order at 18) — Claims I, III, VIII, and IX;

2.    The scope of the exemptions in the Illinois Right of Publicity Act and the Florida Right of Publicity Act for publication of news reports and other matters of public interest — Claims I and VIII;

3.    Whether claims under the Illinois Mugshots Act require allegations of actual pecuniary damages — Claim III; and

4.    The scope of an "aggrieved person's" standing to bring claims under the FDUTPA without actual damages or a threat of future harm — Claim IX.

For Defendants to pursue an interlocutory appeal, this Court must first certify pursuant to 28 U.S.C. § 1292(b) that the Order "involves a controlling question of law as to which there is

3

substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Court may do so by amending the Order to add that certification. *See* Fed. R. App. P. 5(a)(3). Additionally, the Court may order that application to the Seventh Circuit for permission to appeal shall stay the proceedings in this Court. *See* 28 U.S.C. § 1292(b).

"There are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation. There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphases in original). If those criteria are met, it is "the duty of the district court . . . to allow an immediate appeal to be taken." *Id.* at 677.

The Court should grant this Motion and amend the Order to include 28 U.S.C. § 1292(b) certification, allowing Defendants to petition the Seventh Circuit for interlocutory appeal of the Order because the requirements outlined in *Ahrenholz* are all clearly met: (a) the issues presented are questions of law, (b) the issues presented are controlling, (c) the issues presented are contestable, (d) resolution of the issues would speed up the litigation, and (e) Defendants are filing this Motion within a reasonable time. Moreover, this case is a particularly compelling one for Section 1292(b) certification because the Order implicates First Amendment issues that are of paramount concern, underscoring the need for interlocutory review.

Finally, in the interest of conserving judicial resources, the Court should stay the proceedings until the Seventh Circuit renders a decision.

**A.    The Court should amend the Order to include Section 1292(b) certification because the requirements of *Ahrenholz* are met.**

**1.    The issues presented are questions of law.**

The Seventh Circuit has held that issues are within the scope of 28 U.S.C. § 1292(b) if they are "pure" questions of law, "something the court of appeals could decide quickly and cleanly without having to study the record." *Ahrenholz*, 219 F.3d at 677. Issues are particularly appropriate for 28 U.S.C. § 1292(b) certification where they entail "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Id.* at 676.

The issues Defendants seek to appeal unquestionably fall within that scope. Those issues involve interpretation of statutory provisions, which the Seventh Circuit has expressly identified as the type of issue that should be certified for interlocutory appeal. *Id.*; *see also, e.g.*, *Drnek v. City of Chicago*, 205 F. Supp. 2d 894, 900 (N.D. Ill. 2002) (issue of kinds of evidence that could be used to demonstrate statutory element was "a pure question of law because it involves the construction of a statutory provision"). The issues Defendants seek to appeal also involve controlling constitutional questions of law, specifically, whether a publisher can be punished and restrained for the publication of public records involving matters of public interest and concern.

 Because the Order decided motions to dismiss — brought solely on the pleadings — the Court of Appeals would not be required to parse through a record to decide the issues. Given that the issues at hand can be quickly decided without the need to study the record, the Court of Appeals "should be enabled to do so without having to wait till the end of the case." *Ahrenholz* 219 F.3d at 677.

**2.    The issues presented are controlling.**

"A question of law may be deemed 'controlling' if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp.*

5

*v. Tushie-Montgomery Associates, Inc.*, 86 F.3d 656, 659 (7th Cir. 1996); *see also Johnson v. Burken*, 930 F.2d 1202, 1206 (7th Cir. 1991) ("'[C]ontrolling' means serious to the conduct of the litigation, either practically or legally." (quoting *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 755 (3d Cir. 1974))). Certainly, an issue is controlling if it is dispositive. *Ahrenholtz*, 219 F.3d at 676. This includes where the court's finding that the plaintiff has failed to state a claim would result in dismissal of the claim. *See Drnek*, 205 F. Supp. 2d at 900 ("[The issue] is controlling because I held that the plaintiffs could not make out a claim under § 623(j)(1).").

The issues sought to be appealed are plainly within the broad definition of "controlling" that the Seventh Circuit established in *Sokaogon Gaming Enterprise Corporation* and *Johnson*. All issues were presented in the Motions to Dismiss and each is dispositive — and, thus, controlling — on one or more claims. A decision in Defendants' favor on the First Amendment issue alone would result in a dismissal of the case in its entirety. A decision in Defendants' favor on all of the remaining three issues would similarly result in dismissal of all four remaining claims in this lawsuit.

### 3. The issues presented are contestable.

Questions of first impression about the application of a statute to certain situations are "certainly contestable." *Boim v. Quranic Literacy Inst. & Holy Land Found. for Relief & Dev.*, 291 F.3d 1000, 1007-08 (7th Cir. 2002). *See also, e.g.*, *Jones v. Goodyear Tire & Rubber Co.*, 137 F.R.D. 657, 665 (C.D. Ill. 1991), *aff'd sub nom. Marrocco v. Gen. Motors Corp.*, 966 F.2d 220 (7th Cir. 1992) ("[T]here is a substantial ground for difference of opinion on this question because this Court has been unable to find any controlling authority on point."); *Drnek*, 205 F. Supp. 2d at 900 (holding that the issue presented "is contestable because, so far as I can tell, it is

6

a question of first impression," noting that two district courts had considered related issues but those cases were distinguishable).

The fact that only a few courts have opined on an issue also supports a finding that the issue is contestable, particularly where the Courts of Appeals have not weighed in. *See, e.g.*, *In re Am. Reserve Corp.*, 71 B.R. 303, 304 (N.D. Ill. 1987) ("Although this court noted in its earlier opinion that its holding was consistent with that reached by virtually every other court which addressed the validity of class proofs of claim under either the Bankruptcy Code of 1978 or the Bankruptcy Act of 1898, the court nevertheless finds that there is substantial ground for difference of opinion over this issue. . . . [O]nly a handful of cases have addressed this issue under the Code; none of those cases is from a court in this circuit, and only one other decision is from a court above the bankruptcy court level.").

An issue may also be considered contestable where the nature of the question presented could elicit strong opinions leading to conflicting opinions. *See, e.g.*, *Goodyear Tire & Rubber Co.*, 137 F.R.D. at 665 ("Also, because of the harsh nature of the remedy which appears to be necessary in this case, this Court believes that there is a substantial ground for difference of opinion regarding whether this harsh sanction should be applied.").

The issues at hand — which have scarcely (if ever) been addressed by courts and never, to Defendants' knowledge, above the district court level — are certainly contestable.

The scope of the exemptions in the Illinois Right of Publicity Act and the Florida Right of Publicity Act for publication of news reports and other matters of public interest, and in particular whether activities such as Defendants' fall within that scope, is a contestable issue. The Order cited two cases addressing related issues: *Best v. Berard*, 776 F. Supp. 2d 752 (N.D. Ill. 2011), which applied the Illinois Right of Publicity Act, and *Bilotta v. Citizens Info.*

7

*Associates, LLC*, 8:13-CV-2811-T-30, 2014 WL 105177 (M.D. Fla. Jan. 10, 2014), which

applied the Florida Right of Publicity Act. As in *Drnek*, the Order distinguished *Best* from the

case at bar, which supports a finding of a contestable issue. *Bilotta* is an unreported decision,

which is directly contested by a holding in another unpublished decision from the Southern

District of Florida, *Wakefield v. Citizens Information Associates, LLC*, 13-cv-23754 (S.D. Fla.

Aug. 26, 2014), which dismissed a Florida Right of Publicity Act claim brought against a

mugshots publisher because "the mugshots are not being used in a promotional capacity, they are

the websites' *raison d'être*." Thus, whether the Florida Right of Publicity Act can be used to

punish and restrain the publication of public records, or whether such claims should be dismissed

at the pleading stage, is a contested issue in the Florida district courts. These facts — that so few

courts have addressed these issues and those that have done so have resolved the issues

differently, that no courts above the district court level have addressed these issue, and that the

Order resolved the issue differently from *Best* — all indicate that this is a contestable issue

appropriate for interlocutory review.

Whether claims under the Illinois Mugshots Act require allegations of actual pecuniary

damages is also a contestable issue. The Illinois Mugshots Act is part of the Illinois Consumer

Fraud Act (the "ICFA"), which generally requires actual damages for recovery. *See, e.g.*,

*Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) ("In a private ICFA

action, the element of actual damages requires that the plaintiff suffer actual pecuniary loss");

*Oliveira v. Amoco Oil Co.*, 201 Ill. 2d 134, 149, 776 N.E.2d 151 (2002). The Court declined to

dismiss the Illinois Mugshots Act claim because it found, as stated in the Order, that Defendants

"have not demonstrated that the actual damages requirement for other portions of the ICFA

applies to the Mugshots Act." Counsel for Defendants are aware of no case addressing whether

the actual damages requirement of the ICFA generally applies to the Mugshots Act specifically. In the absence of any case law on the issue, it is "certainly contestable." *See Boim*, 291 F.3d at 1007-08.

The scope of an "aggrieved person's" standing to bring claims under the FDUTPA without actual damages or allegations of a threat of future harm is also a contestable issue. The Order acknowledged that Thompson cannot recover actual damages under the FDUTPA but found that he had sufficiently alleged that he was an "aggrieved person" to seek injunctive relief. However, as pointed out in the Motions to Dismiss, a claim for injunctive relief as an aggrieved person under the FDUTPA fails to meet the standing requirements of Article III of the Constitution unless the plaintiff alleges a threat of future harm (which Thompson has not done). *Dapeer v. Neutrogena Corp.*, 95 F. Supp. 3d 1366, 1373-74 (S.D. Fla. 2015). The Order, page 15, concluded that Thompson could seek injunctive relief as an aggrieved person despite the fact that his arrest record is no longer posted on mugshots.com because voluntary cessation of allegedly offensive conduct only moots a claim if it is clear the defendant did not change course merely to avoid jurisdiction.[1] But the extent to which this principle applies in the context of Article III standing to bring an FDUTPA claim for injunctive relief as an aggrieved person is unclear. Counsel for Defendants are not aware of any case where that specific issue was addressed. As an issue of first impression, it is "certainly contestable." *See Boim*, 291 F.3d at 1007-08.

---

[1] Prior to filing the First Amended Complaint, which added Thompson and his Florida law claims, "Thompson's profile was removed from mugshots.com." FAC (Doc. 60), ¶ 405. Because Thompson's profile was removed *before* he filed his complaint, *per the judicial admission contained in his pleading*, Defendants obviously did not "change course" merely to avoid jurisdiction.

In addition to the statutory interpretation issues, the First Amendment issue is also contestable. The Order found that Defendants' alleged conduct is not entitled to First Amendment protection — despite the fact that it consists of publishing what the Order recognized to be "public records protected by the First Amendment" (Order at 18) — because the speech involved is alleged to be "commercial." In reaching this conclusion, the Order distinguished two cases that held otherwise: *Nieman v. Versuslaw*, 512 Fed. Appx. 635 (7th Cir. 2013), and *Vrdolyak v. Avvo, Inc.*, 2016 F. Supp. 3d 1384 (N.D. Ill 2016). The existence of those contrary cases indicates that the issue is contestable.

Finally, the contestable nature of all the issues addressed here is increased by the nature of the facts underlying this case, which may serve to elicit strong opinions. The Order noted that mugshots.com may be viewed as "using the embarrassing nature of an arrest" to its benefit. Order at 12. As in *Goodyear Tire & Rubber Co.*, 137 F.R.D. at 665, where the harsh remedy at issue could inherently lead to courts issuing conflicting opinions, the negative light in which operations such as that of mugshots.com are often viewed could also inherently lead to differing opinions about the applicability of the statutes at issue to such websites' content and conduct. This, too, supports allowing Defendants to immediately appeal to the Seventh Circuit for an interlocutory decision on the issues presented.

### 4.    Resolution of the issues would speed up the litigation.

The underlying purpose of 28 U.S.C. § 1292(b) is to "foster greater judicial efficiency." *Nuclear Eng'g Co. v. Scott*, 660 F.2d 241, 247 (7th Cir. 1981). The provision was enacted "for the important and salutary purposes of shortening the length of litigation and avoiding unnecessary work and expense by the courts and litigants." *Id.*

The issues at hand, the subject of motions to dismiss, can be dispositive of the case as a whole before any more unnecessary work is performed and expenses incurred by the courts and the parties. A decision for Defendants on the First Amendment issue would completely resolve the remaining claims and result in dismissal of the case. If the three other issues were resolved in Defendants' favor, the case would similarly be dismissed in its entirety. The resolution of even one of those three other issues in Defendants' favor would reduce the number of claims needing to be adjudicated, thus reducing the toll on the courts and the parties.

Even if the Seventh Circuit does not fully resolve the issues in Defendants' favor, it may narrow the issues or otherwise provide guidance that will streamline the litigation going forward. Because the identified issues are issues that will likely ultimately be appealed — after a judgment is entered, if interlocutory appeal is not permitted now — obtaining guidance from the Court of Appeals from the beginning would save time and resources in the litigation as a whole.[2]

Accordingly, resolution of the issues would speed up the litigation in this case and further the underlying purpose of 28 U.S.C. § 1292(b) by fostering judicial efficiency.

### 5. This Motion was filed within a reasonable time.

There is no statutory deadline for when a motion for 28 U.S.C. § 1292(b) certification must be filed, but the Seventh Circuit has held that it must be within a "reasonable time" from entry of the order to be certified. *Ahrenholz*, 219 F.3d at 676. Absent unusual circumstances, a month after entry of the order is a reasonable time frame, but two months is not. *Compare, e.g.*, *Boim*, 291 F.3d at 1008 (defendants' motions for certification, filed 35 and 36 days after district court entered order denying motion to dismiss, were filed within a reasonable amount of time),

---

[2] It is also worth noting that, if the Seventh Circuit declines to hear the interlocutory appeal, little time will have been expended. The permission to appeal must be filed with the Seventh Circuit within 10 days of 28 U.S.C. § 1292(b) certification, and the process of obtaining that permission is not a lengthy one.

*with, e.g.*, *Richardson Elecs., Ltd. v. Panache Broad. of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) (two-month delay in seeking certification was "inexcusably dilatory" and grounds for denying permission to appeal).

Here, the Order was filed September 26, 2017. This Motion, filed a mere eleven (11) court days later, is unquestionably within a reasonable time.

Because there is at least one issue (and, in fact, four) to be raised on appeal that meets the criteria of *Ahrenholz*, it is the Court's "duty . . . to allow an immediate appeal to be taken." *Ahrenholz*, 219 F.3d at 677.

**B.      The Court should amend the Order to include Section 1292(b) certification because First Amendment principles are implicated.**

Interlocutory appeal is particularly appropriate in First Amendment cases, where delay in finally adjudicating the issues can chill protected speech. "Because First Amendment litigation chills speech, prompt resolution [through § 1292(b) appeals] provide[s] the added benefit of minimizing any such chilling effect" — a consideration that "weigh[s] in favor of allowing an immediate appeal." *Dahlstrom v. Sun-Times Media, LLC*, 39 F. Supp. 3d 998, 1001 (N.D. Ill. 2014) (granting § 1292(b) certification).

Therefore, courts routinely certify orders pursuant to § 1292(b) based on the potential importance of any implicated First Amendment concerns. *See, e.g.*, *id.* (district court certified order for § 1292(b) interlocutory review, despite having ruled against First Amendment claim, because it recognized the importance of that protection if the Seventh Circuit should determine that it applied); *Bartnicki v. Vopper*, 532 U.S. 514, 521, 121 S. Ct. 1753, 1758, 149 L. Ed. 2d 787 (2001) (noting that § 1292(b) certification had been granted to address First Amendment issues). This practice is common across jurisdictions. *See, e.g.*, *Kahl v. Bureau of Nat'l Affairs, Inc.*, 856 F.3d 106, 110 (D.C. Cir. 2017) ("Recognizing the importance of the First Amendment issue, . . .

12

the District Court certified the issue for interlocutory appeal under 28 U.S.C. § 1292(b)."); *Time, Inc. v. McLaney*, 406 F.2d 565, 566 (5th Cir. 1969) (noting that, although a denial of summary judgment should not always be the basis of § 1292(b) certification, it was proper in this case because of "[t]he subject matter of this litigation, involving, as it does, the very serious and timely question of how far the First Amendment guarantee of freedom of the press may still be impinged upon by actions for libel"); *Herbert v. Lando*, 568 F.2d 974, 983 (2d Cir. 1977), *rev'd on other grounds,* 441 U.S. 153, 99 S. Ct. 1635, 60 L. Ed. 2d 115 (1979) ("The critical importance of the issue, whether the First Amendment erects any barriers to discovery of the editorial process, compelled this court to permit the instant interlocutory appeal, pursuant to 28 U.S.C. s 1292(b), of the district court's order . . . .").

The First Amendment protection asserted by Defendants is of paramount importance, not just to these defendants, but to any publisher of public records or other matters of public concern who can no longer be certain that the publication of public records is protected First Amendment activity. As in *Dahlstrom*, the Court should certify the case for § 1292(b) review, to mitigate against such chilling effects, and to allow prompt determination of this all-important issue.

### C. The Court should stay the proceedings until the Seventh Circuit renders a decision.

28 U.S.C. § 1292(b) provides that a district court judge may order that an application for an interlocutory appeal of an order certified under that section shall stay proceedings in the district court.

Such a stay is warranted here. If the Court grants this Motion and amends the Order to add 28 U.S.C. § 1292(b) certification, Defendants will promptly petition the Seventh Circuit Court of Appeals for review of the Order pursuant to Federal Rule of Appellate Procedure 5 (which requires such a petition within 10 days of entry of the amended Order). Because the

13

issues to be appealed could be wholly dispositive of this case, it would favor judicial economy and save the resources of the court and the parties to stay further proceedings in this matter until those issues are decided.

Therefore, if the Court grants the Motion and certifies the Order pursuant to 28 U.S.C. § 1292(b), it should also order that Defendants' petition for permission to appeal shall stay proceedings in this Court until the Seventh Circuit renders its final decision.

## IV. Conclusion

Defendants wish to appeal the Order to the Seventh Circuit Court of Appeals for an interlocutory decision on four primary issues. *Any one* of those issues presents sufficient grounds for this Court to certify the Order as suitable for interlocutory review, because the issues present questions of "pure" law, they are controlling and contestable, and their resolution would speed up the litigation. With no fewer than four issues supporting 28 U.S.C. § 1292(b) certification, this Court has more than sufficient basis for certifying the Order. Additionally, in the interest of conserving resources of the judiciary and the parties, the Court should stay the proceedings until the Seventh Circuit renders a decision.

For the foregoing reasons, the Court should amend the Order to state that the Order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The Court should also order that, upon Defendants' petition to the Seventh Circuit for permission to appeal the Order pursuant to Federal Rule of Appellate Procedure 5, the proceedings in this Court shall be stayed until either: (a) the Seventh Circuit's denial of permission to appeal the Order or (b) the Seventh Circuit's decision on a permissive interlocutory appeal of the Order.

14

Dated: October 12, 2017                     Respectfully submitted,


                                            /s/ Andrew Foreman
                                            Andrew Foreman
                                            Michael Stick
                                            Butler Rubin Saltarelli & Boyd LLP
                                            321 North Clark Street, Suite 400
                                            Chicago, Illinois  60654
                                            One of the Attorneys for Defendants


David N. Ferrucci
Dickinson Wright PLLC
1850 North Central Avenue, Suite 1400
Phoenix, Arizona  85004

and

Adam D. Grant
Dickinson Wright PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that a true copy of the preceding

MEMORANDUM IN SUPPORT OF MOTION TO AMEND ORDER was served on October

12, 2017, on all counsel of record, in accordance with Fed. R. Civ. P. 5., Local Rule 5.5, and the

General Order on Electronic Case Filing (ECF) pursuant to the district court's system as to ECF

filers.

> Berton N. Ring – bring@bnrpc.com
> Stuart M. Clarke – sclarke@bnrpc.com
> Linda A. Wawzenski – linda.wawzenski@usdoj.gov
> Christopher G. Wells – cwells@atg.state.il.us
> John P. Wolfsmith – jwolfsmith@atg.state.il.us
> Richard S. Huszagh – rhuszagh@atg.state.il.us
> Adam D. Grant – agrant@dickinsonwright.com
> David N. Ferrucci – dferrucci@dickinsonwright.com
> Alexander V. Sverdlov – alexander.v.sverdlov@usdoj.gov
> Scott Murray Levin – SML@h2law.com

> /s/ Andrew Foreman
> Andrew Foreman
> Butler Rubin Saltarelli & Boyd LLP
> 321 North Clark Street, Suite 400
> Chicago, Illinois  60654
> One of the Attorneys for Defendants

548422