## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

PETER GABIOLA and ANTONIO )
HAMMOND, individually and on )
behalf of all similarly situated others, )
                        )
        Plaintiff, )
                        )       Case No. 16 C 02076
     v. )
                        )       Judge Sharon Johnson Coleman
MUGSHOTS.COM, LLC, a Delaware )
Limited Liability Company; *et al.,* )
                        )
        Defendants. )

## ORDER

Defendants Thomas Keesee, Marc Gary Epstein, Hammermill & Masterson LLC, a

Wyoming Limited Liability Company, and Sahar Sarid, move for interlocutory appeal [105] under 28

U.S.C. § 1292(b). For the reasons stated below, this Court denies the motion.

### Statement

On September 26, 2017, this Court granted in part and denied in part the motions to dismiss

plaintiffs' nine-count First Amended Complaint. The Court granted dismissal on Counts II, IV, V,

VI, and VII, and denied the motion on Counts I, III, and IX. *Gabiola et al. v. Keesee et al.*, No. 16 cv

2076 (N.D. Ill. Sept. 26, 2017). Defendants move for immediate appellate review of the following

issues:

1) Whether defendants can be held liable under the Illinois Right of Publicity Act, the Florida

    Right of Publicity Act, the Illinois Mugshots Act, or the Florida Deceptive and Unfair Trade

    Practices Act for the publication of "public records protected by the First Amendment" –

    Claims I, III, VIII, and IX.

2) The scope of the exemptions in the Illinois Right of Publicity Act and the Florida Right of

    Publicity Act for publication of news reports and other matters of public interest – Claims I

and VII.

3) Whether claims under the Illinois Mugshots Act require allegations of actual pecuniary damages – Claims III.

4) The scope of an "aggrieved person's" standing to bring claims under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA") without actual damages or a threat of future harm – Claim IX.

Because this Court's Order on the motions to dismiss is not a final appealable order, this Court must certify the issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]

28 U.S.C. § 1292(b). A motion under section 1292(b) must be made within a reasonable time. *Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000).

At the outset the Court notes that defendants' framing of the issues demonstrates their disagreement with the Court's application of the law and a fundamental misconstruction of the Court's findings.

The first issue, as framed by defendants, does not present a contestable issue over which there is likely to be difference of opinion. This Court does not dispute the basic First Amendment principle that the publication of public records by itself is protected speech. This Court's reasoning is set forth at length in its Memorandum Opinion and Order. This Court did not find that defendants could be held liable for the publication of "public records protected by the First Amendment." The Court found that it could not say as a matter of law that the websites at issue are non-commercial speech entitled to complete protection of the First Amendment. Central to this Court's finding was that the allegations in the complaint sufficiently alleged that the publication

2

website and the takedown service operate in concert.

On the second issue, this Court found that based on the facts alleged it could not say as a matter of law that plaintiffs' likenesses were not used for advertising purposes. In the absence of binding precedent this Court distinguished one district court case, *Best v. Berard*, 776 F.Supp.2d 752 (N.D. Ill. 2011), and analogized another that was more on point, *Bilotta v. Citizens Information Associates, LLC*, 2014 WL 105177 (M.D. Fla. Jan. 10, 2014). This Court understands that defendants' disagree with this Court's finding, but that is not a basis for interlocutory appeal.

With respect to the third issue, this Court applied the plain language of the statute, which expressly provides for a violation of the Mugshots Act for solicitation of payment. *See* Dkt. Opinion at p. 15 (citing 815 ILCS 505/2QQQ(a)). While this issue is a question of law, it does not meet the other requirements for section 1292(b). It is not "controlling" nor will it materially advance the ultimate termination of the case. This Court is also doubtful that there is substantial ground for difference of opinion when the statute prohibits "any person engaged in publishing or otherwise disseminating criminal record information… to solicit *or* accept payment or other consideration to remove, correct, or modify said criminal record information." *Id.* Moreover, the Illinois courts have not addressed this issue, which would leave the Seventh Circuit Court of Appeals to predict how the Illinois Supreme Court would decide the issue. *In re: Emerald Casino, Inc.*, 867 F.3d 743, 765 (7th Cir. 2017). The primary rule of statutory construction is that courts should ascertain and give effect to the intention of the legislature, and the best way to achieve that goal is to examine language of the statute. *U.S. Fire Ins. Co. v. Barker Car Rental,* 132 F.3d 1153, 1156 (7th Cir. 1997). Thus, the Seventh Circuit is likely to do, as this Court did, apply the plain meaning of the language of the statute. Alternatively, the Court of appeals could in turn certify the question to the Illinois Supreme Court. *See, e.g., Craig v. FedEx Ground Package Sys., Inc.*, 686 F.3d 423, 429 (7th Cir. 2012), *certified question answered,* 300 Kan. 788, 335 P.3d 66 (2014). The latter scenario is unlikely to accelerate the ultimate

3

resolution of the case.

Lastly, the fourth issue involves a question of fact – whether Thompson is an "aggrieved person" under the FDUTPA. This Court found only, based on Florida district cases, that Thompson had sufficiently *alleged* that his is an aggrieved person, not that he *is* an aggrieved person as a matter of law. This was not a matter of statutory interpretation, but a matter of factual interpretation, taking as true the factual allegations in the complaint.

### Conclusion

Based on the foregoing, this Court denies the motion to amend pursuant to 28 U.S.C. § 1292(b).

IT IS SO ORDERED.

Date: 12/8/2017

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge