## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| PETER GABIOLA and ANTONIO HAMMOND, on behalf of themselves and all other similarly situated individuals, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 16 C 2076 |
| vs. | ) ) ) | Jeffrey T. Gilbert Magistrate Judge |
| MUGSHOTS.COM, LLC, a Delaware Limited Liability Company, *et al.*, | ) ) ) | |
| Defendants. | ) | |

### ORDER

Plaintiffs' Second Motion to Compel and For Other Relief [ECF No. 155] is granted in part and denied in part. See Statement for further details.

### STATEMENT

Plaintiffs have filed a Second Motion to Compel and For Other Relief [ECF No. 155] seeking more fulsome responses to certain discovery requests contained in Plaintiffs' First Request for the Production of Documents and their First Set of Interrogatories, which were served on May 19, 2016. Plaintiffs' Second Motion, however, is boilerplate and, like their previous motion, does not delve into the details of the discovery requests that are the subject of the Motion. Plaintiffs do not go through the interrogatories or requests for production of documents on an individual basis. Nor do Plaintiffs respond to Defendants' objections in a meaningful way. Plaintiffs also do not explain why much of the discovery they seek is relevant and proportional to the needs of the case within the meaning of Federal Rule of Civil Procedure 26(b)(1). Plaintiffs do not even cite the current discovery standard under Rule 26. Rather, they reference the outdated "may lead to the discovery of admissible evidence" language that has been superseded by the December 1, 2016 amendments to the Federal Rules of Civil Procedure. *See* Plaintiffs' Reply [ECF No. 160], at 3.

Defendants' Response is equally deficient. Defendants also do not particularize their objections to Plaintiffs' interrogatories or document requests. They mention a few objections as exemplars but go no further. The Court should not have to divine arguments not made by either party. As the Seventh Circuit has remarked in the summary judgment context: "Judges are not like pigs, hunting for truffles buried in briefs" (or, as applicable here, buried in Plaintiffs' discovery requests and Defendants' objections and responses to them. *United States v. Dunkel,* 927 F.2d 955, 956 (7th Cir. 1991)). As an example of the slap dash manner in which Plaintiffs present their Motion, Plaintiffs' originally issued interrogatories do not even appear to be anywhere in the record, and

the original document requests only are included as an exhibit to their Reply. *See* [ECF No. 160-1].

The Court legitimately could deny both parties any relief given the seriously deficient way in which they have presented their arguments in connection with the pending Motion. Nevertheless, in the interest of moving this case forward, the Court has reviewed Defendants' responses to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production and done the best it can do to decipher Plaintiffs' arguments in support of the Motion and Defendants' objections to Plaintiffs' written discovery. For the reasons discussed below, Plaintiffs' Second Motion to Compel [ECF No. 155] is granted in part and denied in part for the reasons stated below.

**Defendants' General Objections to Plaintiffs' Discovery Requests:**

Time Period: Both sides make perfunctory arguments about the relevant time period for production of documents and interrogatory responses. Plaintiffs assert that Defendants agreed to a look back period to 2014 for discovery, but Plaintiffs do not identify a date in 2014 that the parties supposedly agreed would be the start of the relevant discovery period. Plaintiffs cite Exhibit B to their Motion for this purported agreement. However, that information is not readily identifiable in Exhibit B. In response, Defendants argue the look back period for discovery should be one year from the filing of this case in January 2016 because the applicable statute of limitations is one year. Although Defendants do not identify the applicable statute to which they refer, the Court assumes Defendants are referring to the Illinois Mugshots Act. Plaintiffs, however, also allege violations of other statutes in their complaint. If there is an agreement to produce documents from a specific date in 2014, then the Court will order that date. If no date is confirmed as agreed by the parties in a stipulation filed within seven days after the entry of this Order, then the Court will default to January 1, 2014, as the start date for the time period covered by Plaintiffs' discovery requests. That date is reasonable and proportional in light of the allegations in Plaintiffs' complaint and based on the record before the Court at this time.

General Objections: Defendants incorporate general objections into their individual discovery responses. As a result, Plaintiffs do not know what information or documents called for by their discovery requests, if any, are not being produced based on these general objections. Pursuant to Federal Rule of Civil Procedure 34 as amended effective December 1, 2016, that is not a proper discovery response to a request for production of documents. *See* FED. R. CIV. P. 34(b)(2)(C) ("An objection must state whether any responsive materials are being withheld on the basis of that objection."). Similarly, as to interrogatories, Federal Rule of Civil Procedure 33 requires that "[t]he grounds for objecting to an interrogatory must be stated with specificity." FED. R. CIV. P. 33(b)(4). The Court finds that Defendants' responses that incorporate their general objections are not proper. Therefore, the Court strikes Defendants' responses to extent they incorporate all previously made objections, general or specific, and then state that Defendants will produce documents or respond subject to those objections. Defendants must supplement their responses to Plaintiffs' First Set of Requests for Production and First Set of Interrogatories within 14 days of the date of this Order and state affirmatively and specifically whether they are withholding any documents or information based on any of their objections.

<u>Objection Concerning Information and Documents Created or in Existence before Defendants took over the Website</u>: The Court agrees with Plaintiffs that Defendants' objection to discovery into information and documents created or in existence before Defendants took over the subject websites is not well-founded. Defendants must respond to the discovery based on their existing knowledge and produce any documents they have in their possession, custody, or control that are responsive to the discovery requests whether or not the information existed, or the documents were create, before Defendants took over the subject websites.

<u>Objection based on the Stay</u>: This objection is now moot because although the district judge stayed discovery [ECF No. 39], discovery was stayed only until the district judge ruled on Defendants' motion to dismiss. That motion was largely denied in September 2017. *See* [ECF No. 101].

<u>Privilege Waiver</u>: Plaintiff argues that Defendants have waived their privilege objection by not producing a privilege log. The Court disagrees. Defendants objected to the time period for which documents were sought and made other substantive objections that the Court finds at least on the present record have some merit. At a minimum, it would have been wasteful for Defendants to produce a privilege log before the time period covered by Plaintiffs' discovery was fixed. Defendants also specifically raise (and therefore did not waive) the attorney client privilege in response to certain of Plaintiffs' discovery requests such as Request for Production No. 6 and the work product doctrine in response to Interrogatories No. 7 and 8. The Court, therefore, finds that Defendants' failure to produce a privilege log under these circumstances is not a waiver of their right to raise a privilege objection. Defendants, however, shall produce to Plaintiffs a proper privilege log within 14 days of the date they complete substantial production of documents in response to Plaintiffs' requests for production. If additional documents are produced after that date, then Defendants shall supplement their privilege log as necessary within seven days of any supplemental production.

**Defendants' Specific Objections to Plaintiffs' Requests for the Production of Documents:**

<u>Request No. 1</u>: Plaintiffs do not address this request in their Second Motion to Compel. Therefore, the Motion is denied to the extent Plaintiffs intended to seek a court order requiring an inspection of particular premises.

<u>Requests Nos. 2, 3, 7, 8, 9, 10, 11, 12, 14, 15, 16, 17, 22, 24, 25, 26, and 28</u>: Plaintiffs' Second Motion to Compel is denied as to these requests for production of documents. The Court overrules some of Defendants' objections as discussed above, but otherwise agrees with Defendants that these requests are overbroad, not relevant to the claims or defenses in this case as written, and overly burdensome and not proportional to the needs of the case as written. Without more explanation from Plaintiffs as to the propriety of these requests for production and why Plaintiffs need what appears to be at least potentially a very large volume of documents, whether in hard copy or electronically maintained, to discover or prove-up the claims they are asserting against Defendants, the Court will not require Defendants to respond to these requests at this time. Plaintiffs do not provide the Court with any particularized explanation as to why these requests for production are appropriate as framed. Rather, in some cases, Plaintiffs appear to be asking

Defendants to produce nearly every document associated with their businesses, and it is not obvious to the Court why that is necessary in this case.[1]

In addition, though Plaintiffs have framed their complaint as a class action, Plaintiffs have not taken any action to focus on class certification discovery. A subset or sample of some of the information sought in some of Plaintiffs' requests possibly could be relevant for class discovery although this should not be interpreted as a finding by the Court in this respect. The parties, however, must satisfy their meet and confer obligations and discuss the parameters of any class discovery that is to be taken before the Court can evaluate the propriety of Plaintiffs' requests for production in this regard. Plaintiffs clearly would not be entitled to all the class wide discovery they seek if this case is not certified as a class action and, in many instances, probably even if it is certified. It is possible that some of this discovery should proceed as part of class certification discovery and some only once it is determined whether a class will be certified. But on the present record and without any help from the parties in explicating these issues further, the Court will not prospect on its own into this area.[2]

Request No. 4: Plaintiffs' Second Motion to Compel is granted in part as to insurance policies, reservation of rights letter(s) and requests for coverage. Defendants' objections are overruled in part for the reasons discussed above. Rule 26(a)(1)(A)(iv) essentially requires Defendants to produce the same documents. Defendants shall produce (if they have not already done so) any insurance policies, reservation of rights letters, and requests for coverage within 14 days of the date of this Order. Plaintiffs' Motion, however, is denied in part as vague, overbroad, and potentially unduly burdensome and not proportional to the needs of the case as to Plaintiffs' request for "any other related documents."

Request No. 5: Plaintiffs' Second Motion to Compel is granted in part as to all documents responsive to Plaintiffs' interrogatories and denied as vague, overbroad, and potentially unduly burdensome and not proportional to the needs of the case regarding documents "in any way related to any interrogatory." Defendants' objections are overruled for the reasons discussed above, and Defendants shall produce the relevant and responsive documents as limited in time frame and discussed herein within 14 days of the date of this Order.

---

[1] For example, Request for Production No. 10 seeks "[a]ll corporate books and records . . . in any way related to the ownership and operation of the subject matter websites or the takedown service." Request for Production No. 12 seeks "[a]ll written policies, procedures, internet menus, record books, company policies, training manuals, and other materials concerning the subject matter websites." Request for Production No. 14 seeks "[a] copy of all software used ("software") to obtain mugshots and arrest records posting on the website." Request for Production No. 17 seeks "[a]ll documents in any way related to the software in Request 14." Request for Production No. 28 seeks "[a]ll minutes of all meetings for all Defendants not natural persons."

[2] For example, Plaintiffs seek all phone records of all calls with people in Illinois, a list of all persons in the State of Illinois who paid for takedown service or any documents which discuss such persons, a list of all persons in the State of Illinois who requested that their mugshot(s) or profile(s) be removed from the subject matter websites or any documents which discuss any such persons, all cease and desist letters received by Defendants, all communications with arrestees or persons acting on their behalf. *See* Requests for Production Nos. 2, 8, 9, 11, 25, and 26.

Request No. 6: Plaintiffs' Second Motion to Compel as to Request No. 6 is denied without prejudice. Based on the record before the Court at this time, the Court does not have enough information to determine how the information Plaintiffs are seeking in this discovery request is relevant to their claims. Although Marc Gary Epstein is a named defendant in this case, it is not clear how or why Plaintiffs' request for "[a]ll retainer agreements with Marc Gary Epstein regarding the subject matter websites" is relevant or proportional to the needs of this case, and Plaintiffs say nothing in their briefs to shed light on those questions.

Request No. 13: As to this request, Plaintiffs' Second Motion to Compel is granted, and Defendants' objections are overruled for the reasons discussed above. This request is a bit more tailored than Request for Production No. 12 as to which the Court has sustained Defendants' objection and/or declined to grant Plaintiffs' Second Motion to Compel for the reasons discussed above. The Court also overrules Defendants' generalized burden objection as Defendants fail to articulate the extent of the burden entailed in producing written policies and procedures, if any exist, concerning their takedown service. Defendants shall produce the information requested as limited in time frame within 14 days of the date of this Order.

Request No. 18: As to this request, Plaintiffs' Second Motion to Compel is granted, and Defendants' objections are overruled for the reasons discussed above. The Court also is not persuaded by Defendants' relevance objection. Plaintiffs allege in their complaint [ECF No. 60] that advertising revenue is very small compared to takedown revenue. Defendants do nothing to explain the burden involved in producing the contracts with advertisers Plaintiffs are requesting. Defendants shall produce the information requested as limited in time frame within 14 days of the date of this Order.

Request No. 19: As to this request, Plaintiffs' Second Motion to Compel is granted and Defendants' objections are overruled for the reasons discussed above. The Court finds that the information sought is relevant to Defendants' argument that they do not own the domain name "mugshots.com" any more. Defendants shall produce the information the Court has ordered be produced as limited in time frame and identified herein within 14 days of the date of this Order.

Request No. 20: As to this request, Plaintiffs' Second Motion to Compel is granted, and Defendants' objections are overruled for the reasons discussed above. This request is particularized as to Plaintiff Peter Gabiola. Defendants shall produce the information requested as limited in time frame within 14 days of the date of this Order.

Request No. 21: As to this request, Plaintiffs' Second Motion to Compel is granted, and Defendants' objections are overruled for the reasons discussed above. This request is particularized as to Plaintiff Antonio Hammond. Defendants shall produce the information requested as limited in time frame within 14 days of the date of this Order.

Request No. 23: As to this request, Plaintiffs' Second Motion to Compel is denied. Defendants object to producing their tax returns, and Plaintiffs say nothing specific as to why they need Defendants' tax returns at this time. Defendants apparently agreed to produce tax returns in connection with a previous though unsuccessful mediation ([ECF No. 160-1], at 7), but they did

not agree to produce this information in discovery in this case. Plaintiffs have not provided a sufficient reason for the Court to order production of Defendants' tax returns at this time.

Request No. 27: As to this request, Plaintiffs' Second Motion to Compel is denied. As drafted, Plaintiffs seek "[a]ll operating agreements for or between any entities *related to the subject matter websites*." (Emphasis added.) No explanation is provided as to why all this information is relevant to the parties' claims or defenses in this case or proportional to the needs of the case. Perhaps this is a drafting problem as indicated by the italicized language above. But Plaintiffs do nothing to correct that problem in their briefing.

Request No. 29: As to this request, Plaintiffs' Second Motion to Compel is denied as overbroad. Plaintiffs also do not explain the relevance of the information sought in this request ("[l]ists of all shareholders in all Defendants not natural persons").

Request No. 30: As to this request, Plaintiffs' Second Motion to Compel is granted, and Defendants' objections are overruled for the reasons discussed above. Defendants shall produce the information requested as limited in time frame within 14 days of the date of this Order.

Request No. 31: This request for insurance policies overlaps with Request For Production No. 4. As to this request, Plaintiffs' Second Motion to Compel is granted, and Defendants' objections are overruled for the reasons discussed above. The Court also is not persuaded by Defendants' objections as to burden and vagueness. Plaintiffs seek production of any insurance policies implicated by the allegations in their complaint. Rule 26(a)(1)(A)((iv) essentially requires Defendants to produce the same documents. Defendants shall produce the information requested as limited in time frame within 14 days of the date of this Order.

**Specific Objections to Plaintiffs' First Set of Interrogatories:**

Interrogatory No. 1: As to Interrogatory No. 1, Plaintiffs' Second Motion to Compel is granted in part, and Defendants' objections are overruled in part for the reasons discussed above. Defendants shall "identify all owners, managers, corporate officers, [and] members" of "all corporations, limited liability companies, and other business entities which own, operate, and/or manage the subject matter websites presently" and those individuals' "position, salary, responsibilities, who hired that person, where that person presently works and in what capacity" during the relevant time frame discussed above. Plaintiffs' Motion, however, is denied in part as to the identities of all "employees" as overbroad, potentially unduly burdensome depending upon the number of employees, and not proportional to the needs of the case without more explanation from Plaintiffs as to why they need this information. Defendants shall supplement their answer to this interrogatory within 14 days of the date of this Order.

Interrogatories Nos. 2, 3, 4, 5, 6, 11, 12, 13, 15, 16, 17, 18, 19, and 20: As to these interrogatories, Plaintiffs' Second Motion to Compel is granted except as to the identity of all employees sought in Interrogatory No. 5 and provided that Plaintiffs' original Interrogatory No. 6 includes the names of the people for whom the specified information is requested (since that information is not included in the only copy of Plaintiffs' interrogatories now in the record ([ECF No. 155-1, at 44 of 59]). Defendants' objections are overruled for the reasons discussed above. The information

Plaintiffs seek in these interrogatories appears to be relevant to the parties' claims or defenses and proportional to the needs of the case. The Court also is not persuaded by Defendants' unspecified objections on vagueness and/or burden grounds. Defendants shall provide answers or supplement their previous answers to these interrogatories as limited in timeframe as discussed above within 14 days of the date of this Order.

Interrogatory Nos. 7 and 8: As to these interrogatories, Plaintiff's Second Motion to Compel is denied. Interrogatories Nos. 7 and 8 seek information that is protected by the work product doctrine.

Interrogatory No. 9: As to this interrogatory, Plaintiff's Second Motion to Compel is granted in part and denied in part, and Defendants' objections are overruled in part for the reasons discussed above. Defendants shall answer Interrogatory Nos. 9(a), (b), and (c) or supplement their previous answers to 9(a), (b) and (c) as limited in time frame as discussed above within 14 days of the date of this Order. As to subsection 9(d), Defendants are not required to provide any information at this time. This subsection seeks information on the identity of potential class members, individuals who have paid for takedown services, and how much has been paid. As discussed above in the context of production of documents relating to class discovery, the parties shall meet and confer to discuss the parameters of any class discovery. Neither party adequately addresses that issue in the briefs filed on Plaintiffs' Second Motion to Compel.

Interrogatory No. 10: As to this interrogatory, Plaintiff's Second Motion to Compel is granted in part and denied in part, and Defendants' objections are overruled in part for the reasons discussed above. Defendants shall "[d]escribe, in detail, the relationship between mugshots.com and unpublisharrest.com. If there are any written agreements or contracts, provide them" in a supplemental response to this interrogatory served within 14 days of the date of this Order. As to the remainder of Interrogatory No. 10, Plaintiffs' Motion is denied as overbroad and potentially unduly burdensome and not proportional to the needs of the case. Defendants are not required to "[i]dentify all persons who work for, own, or are involved in, both websites, and state in detail each persons' role." Some of this information is to be provided in response to other interrogatories or requests for production and, to the extent it is not, Plaintiffs do not explain why they need this information or how it is proportional to the needs of the case.

Interrogatory No. 14: As to this interrogatory, Plaintiff's Second Motion to Compel is denied. Interrogatory No. 14 seeks information that is protected by the work product doctrine. It also is premature as Defendants may not know at this time who they expect to testify at trial and the subject of that testimony.

Interrogatory No. 21: As to this interrogatory, Plaintiff's Second Motion to Compel is granted (and Defendants' objections are overruled for the reasons discussed above) to the extent Defendants have the knowledge to answer this interrogatory as limited in time frame as discussed above. The Court also is not persuaded by Defendants' relevance objection. Any such person identified by Defendants, if they do in fact identify individuals or employees of corporate entities, could be a potential witness in this case. Defendants shall supplement their answer to this interrogatory within 14 days of the date of this Order.

Finally, Plaintiffs' request for an award of attorneys' fees is denied. Plaintiffs did not prevail completely on their Second Motion to Compel; their presentation of the Motion was seriously deficient for the reasons discussed above; and there is no fair or reasonable basis upon which to apportion an award of fees even if the Court thought that appropriate, which it does not.

In sum, for all the reasons set forth above, Plaintiffs' Second Motion to Compel and For Other Relief [ECF No. 155] is granted in part and denied in part. Defendants shall produce the documents the Court has ordered be produced and supplement their answers to Plaintiffs' interrogatories in the manner discussed above within 14 days of the date of this Order.

It is so ordered.

Magistrate Judge Jeffrey T. Gilbert

Dated: February 4, 2019